Robert Brioli, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 30, 1978, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Salvatore F. Panepinto*, for petitioner.

*Reese F. Couch*, Assistant Attorney General, with him *Gerald Gornish*, Acting Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, February 22, 1979:

Robert Brioli (Claimant) has been denied unemployment compensation benefits by the Bureau of Employment Security (Bureau), the referee and the Unemployment Compensation Board of Review (Board). He appeals to this Court on the ground that the Board's findings of fact are not supported by the record.

Those findings are as follows:

1. Claimant was last employed by Wheeling Pittsburgh Steel Corporation and his last day of work was April of 1972.

2. The claimant retired in April of 1972 for alleged health reasons.

3. There is no credible evidence in the record that the claimant was medically advised to quit his job.

On the basis of those findings, the Board concluded that Claimant was ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b) (1).[1]

---

[1] An employee shall be ineligible for compensation for any week—

. . . .

Claimant argues to us that this case should be remanded because the record shows that although Claimant's last date of employment was April of 1972, he did not retire until September of 1972. The date of retirement is critical in a determination of whether the Claimant did voluntarily quit his employment without compelling or necessitous reason. The Board is absolutely correct that there is no credible medical evidence in the record that Claimant was advised to quit his job in April of 1972. However, it is Claimant's position that he did not quit until he elected to receive his pension benefits in September of 1972. He argues that the record shows that he testified that between April and September he was physically able to perform light work and asked for that work but that his employer refused his request. Our review of the record shows it to be wholly inadequate to support a finding of the Claimant's retirement on either date. The Claimant was the only person who testified before the referee. Our reading of the record would indicate that the Claimant testified that he was off sick for five months before he retired. The five month span between April and September seems to be compatible with Claimant's argument. On the other hand, we did not see or hear the Claimant and there is sufficient ambiguity in the Claimant's testimony to prohibit us from making a finding contrary to that of the Board. However, we are well satisfied that there is not sufficient substantial evidence in the record at the present time to support the Board's finding that the Claimant retired in April of 1972.

While it is regrettable that additional time must be consumed before a final determination of this case

---

(b) (1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

can be made, we have no other choice but to remand the case for an adequate record and more specific findings regarding the issues raised in this appeal.

ORDER

AND Now, this 22nd day of February, 1979, the order of the Unemployment Compensation Board of Review, dated August 12, 1977, is reversed and this case is remanded to the Board for further proceedings consistent with this opinion.